ALLEGHENY MUTUAL CASUALTY, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–85–905CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 1, 1986.

Rehearing Denied May 22, 1986.

Richard E. Gray, III, Kenneth Shepardson, Austin, for appellant.

John B. Holmes, Jr., Timothy G. Taft, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from final judgment entered in a bond forfeiture proceeding. The sole issue before us is whether the trial judge has discretion to render judgment for an amount less than the face amount of the appearance bond in a criminal proceeding where the accused fails to appear for trial and has not been re-arrested prior to final judgment in the bond forfeiture proceeding. We hold he has no discretion and affirm.

We first address a procedural issue. Appellee previously filed, and we ordered carried with the case, a motion to dismiss the appeal because it was not provided a copy of appellant's cost bond in accordance with Tex.R.Civ.P. 354(d). Appellee has not shown how it was prejudiced by the failure to receive such notice. The motion to dismiss is overruled.

In its sole point of error, appellant contends the court "erred by stating that Tex. Rev.Civ.Stat.Ann. Art. 2372 p–3, § 13(a) gives him no discretion to settle for less than the face amount of an appearance bond in a criminal case." The factual predicate for appellant's point is that John Morales, a Columbian national, was arrested

for and charged with an offense involving the importation of some four hundred grams of cocaine. An appearance bond on the charge was subsequently set at $100,-000. Appellant submitted a bond in that sum, the bond was approved and Morales was released. Morales failed to appear in court, the bond was forfeited and judgment nisi entered. Almost two years later, a hearing was held and the court entered final judgment on the bond forfeiture in the amount of $100,000. When the hearing was held to make the judgment of forfeiture final, Morales had not been rearrested. The bonding company submitted evidence that some $7,500 to $10,000 had been spent in attempting to locate Morales and have him rearrested. In his argument to the trial court, appellant stated:

> Now, I understand that the State is asking for the full amount of the bond. I think there is enough, certainly, in this case enough mitigating circumstances for this Court to take the position that they should not have the whole amount of the bond; and this Court can, in its wisdom, give a lesser amount. He has already spent 75 hundred dollars and more, he has testified to, and I am sure he is going to spend some more after that. And we would urge the Court to take that into consideration....

Following further argument, the judge stated:

> I take the position, quite frankly, that I am constrained by statute, that if I find that the bond was properly forfeited, which I do so find, that I don't have the right to grant anything since the man is not in custody. Therefore, I grant judgment for the State in the full amount of one hundred thousand dollars.

Appellant appeals from this judgment, alleging the trial court had discretion to enter judgment for less than the face amount of the bond even though the principal has not been rearrested.

Appellee contends that appellant "waived any claim of remittitur pursuant to Section 13(a) of the Bail Bondsmen Act by failing to assert it as a basis of recovery in their pleadings." And it further alleges that Tex.Rev.Civ.Stat.Ann. art. 2372 p–3, Section 13(a), Bail Bondsmen Act, conflicts with other provisions of the code of criminal procedure governing recovery on bond forfeitures. It is true that appellant's answer to the suit to collect on the bond did not contain a plea for relief under Section 13(a) of the Bail Bondsmen Act. However, there was no objection by the state when the appellant offered evidence supporting its argument for the court to enter judgment for less than the face amount of the bond. This fact, taken in conjunction with the remark of the judge quoted above, forms the basis for our decision to address the issue on the merits.

In 1973, the legislature passed Senate Bill 383, providing for licensing and regulating bail bondsmen in certain counties. Tex.Rev.Civ.Stat.Ann. art. 2372, p–3 (Vernon Supp.1974). That Act did not speak to the provisions of the code of criminal procedure governing the collection on bond forfeitures. It did, however, contain a provision that the bondsman was entitled to a "remittance" of "at least 50 percent of the amount paid on the judgment" if the principal was re-arrested as a result of the efforts of the bondsman within 120 days of final judgment on the bond forfeiture.

In 1981, the legislature passed Senate Bill 727, amending Article 2372 p–3, Tex. Rev.Civ.Stat.Ann., and certain articles of the code of criminal procedure. Bail and Bail Bondsmen Act, ch. 312, 1981, Tex.Gen. Laws 875. Three of the sections of Senate Bill 727 are material to the issue before us. Section 1 thereof amended Article 2372 p–3 and, among other provisions added Section 13(a) to provide:

> Prior to final judgment on any forfeiture of an appearance bond in a criminal case the attorney for the state may recommend to the court settlement for an amount less than that stated in the bond, or the court may upon its own motion approve such settlement. Tex.Rev.Civ. Stat.Ann. art. 2372, p–3, § 13(a) (Vernon Supp.1986).

Section 4 thereof amended the Texas Code of Criminal Procedure by adding Article 22.12a, as follows:

> After a judicial declaration of forfeiture is entered, the court may proceed with the trial required by Article 22.14 of this code. The court may exonerate the defendant and his sureties, if any, from liability on the forfeiture, remit the amount of the forfeiture, or set aside the forfeiture only as expressly provided by this chapter. Tex.Crim.Proc.Code Ann. § 22.12a (Vernon Supp.1986).

Section 5 thereof amended Article 22.16, Texas Code of Criminal Procedure to read as follows:

> If, before final judgment is entered against the bail, the principal appears or is arrested and lodged in jail of the proper county, the court may, at its discretion, remit the whole or part of the sum specified in the bond if the arrest or appearance is a direct result of money spent or information furnished by the surety or is because of the principal's initiative in submitting himself to the authority of the court, sheriff, or other peace officers. Tex.Crim.Proc.Code Ann. § 22.16 (Vernon Supp.1986).

Appellant argues that Section 13(a) quoted above gives the court in a bond forefeiture proceeding where the principal has not been re-arrested not only the authority to approve a *settlement* of the bond forfeiture judgment for less than the face amount of the bond, but also gives the court, on the court's own motion, the authority to enter judgment for less than the face amount of the bond as a "settlement." If Section 13(a) had been the only section of Senate Bill 727 affecting existing law, an interesting question concerning its construction would be presented. That is, would the trial court be authorized to *settle* a claim the state has against the sureties on the bond without the consent of the representative of the state? To answer the question in the affirmative would appear to be contrary to the accepted rule that a valid consent judgment cannot be rendered by a court when consent of one of the parties thereto is wanting. *Williams v. Hollingsworth,* 568 S.W.2d 130, 131 (Tex.1978). However, we need not address this issue for as we view it, Section 13(a) is not applicable unless the principal has been re-arrested prior to final judgment.

■ In determining the intent of Section 13(a) to Article 2372 p–3, it must be reviewed in the context of the entire senate bill. As stated above, Senate Bill 727 not only added Section 13(a) to Article 2372 p–3, it also amended certain articles of the code of criminal procedure. Section 311.-021, of the Code Construction Act, provides that in the construction of statutes "it is presumed that the entire statute is intended to be effective." Tex.Gov't Code Ann. § 311.021 (Vernon 1986). We find the same rationale would apply to a senate bill adding to and amending several statutes. It should be presumed that the entire legislative act is intended to be effective. The amendments to the code of criminal procedure provided in the first such amendment that the court in bond forfeiture proceedings was to "proceed with trial required by Article 22.14 *of this code,* " and that in so doing the court could exonerate from liability, order a remittitur or set aside the forfeiture *"only as expressly provided by this chapter."* The other provision authorized a remittur *only if the principal appears or is re-arrested before final judgment is entered.* To give to Section 13(a) the construction appellant requests would create a needless conflict between separate sections of Senate Bill 727. Such a repugnant construction would be contrary to the Code Construction Act and case authority. *Summerford v. State,* 627 S.W.2d 468, 471 (Tex.App.—Houston [1st Dist.] 1981, no writ).

■ Accordingly, we hold that Section 13(a) of Tex.Rev.Civ.Stat. Article 2372 p–3 must be read in conjunction with Articles 22.12a, 22.14 and 22.16 of the Code of Criminal Procedure. When read together, and to avoid creating a conflict, Section 13(a) permits the court to enter final judgment in a bond forfeiture proceeding for less than the face amount of the bond *only* when the

principal has appeared or been re-arrested prior to the entry of final judgment. The trial court did not err in stating that he did not have discretion to settle this case for less than the face amount of the appearance bond. Appellant's ground of error is overruled.

The judgment is affirmed.