Affirmed and Opinion filed March 31, 2009

















Affirmed
and Opinion filed March 31, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00059-CV

____________

 

THE CITY OF HOUSTON, Appellant

 

V.

 

STEVE WILLIAMS, ET AL., Appellees

 





 

On Appeal from the 80th
District Court

Harris County,
Texas

Trial Court Cause No. 2002-22690-A

 





 

O P I N I O N

 

This interlocutory appeal from denial of the City of
Houston=s plea to the
jurisdiction requires us to construe sections of the Texas Local Government
Code providing for waiver of governmental immunity relative to
breach-of-contract suits against local government entities.  The appeal
involves a suit brought by appellees, a group of
former Houston firefighters (Athe firefighters@), against
appellant, the City of Houston (Athe City@).[1] 
The case is before this court for the second time.

In a partial judgment rendered in 2004, the trial court
denied the City=s plea to the jurisdiction and ruled in favor
of the firefighters on their two claims.[2] 
We affirmed the trial court=s partial judgment, holding governmental
immunity was waived (1) under the Aplead and be impleaded@ language in Local Governmental Code
section 51.075 and the Asue and be sued@ language in the
City=s charter and (2)
because the firefighters= suit was one for declaratory
judgment.  City of Houston v. Williams, 183 S.W.3d 409, 414, 416
(Tex. App.CHouston [14th Dist.]
2005), rev=d, 216 S.W.3d 827 (Tex. 2007) (per curiam).

The supreme court disagreed and
reversed.  City of Houston v. Williams, 216
S.W.2d 827, 828 (Tex.
2007) (per curiam).  The supreme court
then remanded the cause to the trial court to determine whether the recently
enacted Local Government Code sections 271.151 through 271.160, waiving
governmental immunity for certain breach-of-contract suits, applied to the
firefighters= action.  Id. at
829.  During the pendency of the case,
additional firefighters were added as plaintiffs.  On remand, the trial
court concluded, under Local Government Code sections 271.151 through 271.160,
governmental immunity was waived with respect to all plaintiffs.  See
Tex. Loc. Gov=t Code Ann. '' 271.151B.160 (Vernon 2005).

 

Concluding the firefighters have alleged facts that
affirmatively demonstrate they have a contract with the City that meets the
requirements of Local Government Code sections 271.151 through 271.160, we affirm the order of the trial court.[3]

I.  Background

The City=s actions about which the firefighters
complain have not changed since the inception of the case.  Those actions
resulted in what the parties and the courts denominated the Adebit dock claim@ (allegedly
improper reduction of termination payouts by docking previously paid overtime)
and the Atermination pay claim@ (allegedly
improper exclusion of premium pay from the calculation of termination
pay).  See Williams, 183 S.W.3d at 419, 424.  The claims and
the procedural history of the case through remand are set forth in the  supreme court=s and this court=s opinions, and we
do not repeat them here.  See Williams,  216
S.W.3d at 828B29; 183 S.W.3d at 417B20, 424.

After the supreme court=s
mandate issued, the firefighters filed their eighth amended petition in the
trial court.  In their first cause of action, the firefighters alleged
facts constituting the debit dock claim.  In their second cause of action,
they alleged facts constituting the termination pay claim.  In relation to
both claims, they requested declaratory judgment, mandamus, and equitable and
injunctive relief.  They alleged violations of Texas Local Government Code
section 142.0017, Texas Local Government Code chapter 143, and City of Houston, Code of
Ordinances section 34-59.  They alleged waiver of governmental immunity
under Texas Local Government Code sections 271.151 through 271.160, but did not
otherwise refer to a written contract.

 

The City specially excepted. 
In part, it argued it was not aware of a written agreement as described in
Local Government Code sections 271.151(2) and 271.152 and denied the existence
of such a document.  The City further complained, AThe [firefighters=] pleading does
not give [the City] fair notice as to the identity of the alleged document, or
the location, description or content of any such document.@  The City
argued that, by not containing information about the alleged document, the
pleading failed to demonstrate affirmatively the court=s jurisdiction
over the firefighters= claims.  The City also argued the supreme court had dismissed the firefighters= claims for
declaratory judgment, mandamus, and equitable and injunctive relief.

The firefighters responded by filing a ninth amended
petition.  The amended pleading contained the same facts as alleged in the
eighth amended petition.  The firefighters alleged the City=s actions violated
Texas Local Government Code section 142.0017, Texas Local Government Code
chapter 143, and City of Houston, Code of Ordinances section 34-59.  They
deleted requests for declaratory judgment, mandamus, and equitable and
injunctive relief in relation to these alleged violations.  Instead, they
denominated these requests as claims for breach of contract and asserted that Texas
Local Government Code sections 271.151 through 271.160 were applicable to the
case.  Finally, they identified the following as contracts subject to
those sections: (1) A[s]upporting
evidence and arguments made by [the firefighters] in their >Respondents= Brief on the
Merits= filed in the
Texas Supreme Court@ in the present case; (2) A[s]upporting evidence and arguments made by Appellee Alan Hildebrant@ in his brief
filed in case number 01-06-00936-CV in the First Court of Appeals;  (3) an
AAgreement Between Houston
Professional Fire Fighters Association and City of Houston, Texas, executed on
August 30, 1995@ (the A1995 Agreement@); (4) an AAgreement Between Houston
Professional Fire Fighters Association and City of Houston, Texas, executed on
December 18, 1997@ (the A1997 Agreement@); and (5) a 2005
Collective Bargaining Agreement (the A2005 CBA@).

 

The City filed an amended plea to the jurisdiction and an
amended answer.  In the former, the City argued, in part, that (1) under
the supreme court=s ruling in this case, the firefighters
could not bring an action for damages, regardless of how those actions were
characterized, unless the legislature expressly waived the City=s immunity, (2)
the City enjoyed immunity to interpret its own rules and regulations without judicial
interference, (3) the firefighters failed to exhaust administrative remedies,
(4) the firefighters pleaded no facts affirmatively demonstrating their claims
qualified for the limited waiver of immunity found in Local Government Code
sections 271.151 through 271.160, and (5) the firefighters failed to pursue the
contractual grievance procedures set forth in the collective bargaining
agreements they had cited.  Among the defenses listed in its answer, the
City asserted the following:  (1) the firefighters= claims were
barred by (a) the doctrine of governmental immunity and (b) the terms and
effect of the agreements between the City and the Association, and (2) there
was no written contract forming the basis of the firefighters= claims.

The firefighters responded by arguing, AThe claims asserted
in this case by the Retired Fire Fighters are based on City of Houston
ordinances and applicable and related statutes which satisfy the requirements
for waiver of sovereign immunity under Sections 271.151B271.160.@  The firefighters also argued the
statutory provisions of Texas Local Government Code chapters 142 and 143
constituted Apart of the written employment contracts@ between the City
and the firefighters.  Finally, the firefighters argued the 1995 and 1997
Agreements and the 2005 CBA met the criteria of sections 271.151 through
271.160.

After hearing argument, the trial court denied the City=s plea to the
jurisdiction.  The City appealed.

 

 

 

II.  Issue
Presented and Standard of Review

In a single issue, the City argues the trial court erred in
denying its plea to the jurisdiction based on governmental immunity and lack of
standing.  AQuestions involving the
application of the principles of sovereign and governmental immunity and a
party=s standing to
bring an action are the proper subjects of a plea to the jurisdiction.@  Nivens v. City of League City, 245 S.W.3d
470, 474 (Tex. App.CHouston [1st Dist.]
2007,  pet. denied) (citing Brown v. Todd, 53 S.W.3d 297, 300B01 (Tex. 2001)).

 

In a plea to the jurisdiction, a party challenges the trial
court=s authority to
determine the subject matter of the cause of action.  City of Mont Belvieu
v. Enter. Prods. Operating, L.P., 222 S.W.3d 515,
518 (Tex. App.CHouston [14th Dist.] 2007, no pet.).  Because
subject matter jurisdiction is a question of law, we review the trial court=s decision de
novo.  Id. 
In deciding a plea to the jurisdiction, we may not weigh the merits of the
claim, but must consider only the plaintiff=s pleadings and
the evidence pertinent to the jurisdictional inquiry.  See Tex. Natural Res. Conservation Comm=n v. White, 46 S.W.3d 864,
868 (Tex.
2001);  Bland Indep.
Sch. Dist.
v. Blue, 34 S.W.3d 547, 554B55 (Tex. 2000). 
When we consider a trial court=s order on a plea to the jurisdiction, we
construe the pleadings in the plaintiff=s favor and look
to the pleader=s intent.  See Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440,
446 (Tex.
1993).  To prevail, the party asserting the plea must show that, even if
all the allegations in the plaintiff=s pleadings are
taken as true, an incurable jurisdictional defect appears on the face of the
pleadings, rendering it impossible for the plaintiff=s petition to
confer jurisdiction on the trial court. City of Mont Belvieu, 222 S.W.3d at 518.       If a
plaintiff fails to plead sufficient facts affirmatively demonstrating the trial
court=s jurisdiction,
but the pleadings do not affirmatively demonstrate incurable defects in
jurisdiction, the issue is one of pleading sufficiency and the plaintiff should
be afforded the opportunity to amend.  Tex.
Dep=t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226B27 (Tex. 2004); County of Cameron v. Brown, 80 S.W.3d
549, 555 (Tex.
2002).  However, if the pleadings affirmatively negate the existence of
jurisdiction, a plea to the jurisdiction may be granted without allowing the
plaintiff an opportunity to amend.  Miranda, 133
S.W.3d at 227; Brown, 80 S.W.3d at 555.

If a plea to the jurisdiction challenges the existence of
jurisdictional facts, we consider relevant evidence submitted by the parties
when necessary to resolve the jurisdictional issues raised. 
Miranda, 133 S.W.3d at 227.  If the
evidence creates a fact question regarding the jurisdictional issue, then the
plea to the jurisdiction must be denied.  Id. at 227B28.  If the evidence is undisputed or
fails to raise a fact question on the jurisdictional issue, then the trial
court rules on the plea to the jurisdiction as a matter of law.  Id. at 228.

III.  Analysis

The supreme court remanded this
case solely for consideration of whether the firefighters= claims fall
within Local Government Code sections 271.151 through 271.160.  See
Williams, 216 S.W.3d at 829.  Section 271.152
provides:

A local governmental entity that is authorized by
statute or the constitution to enter into a contract and that enters into a
contract subject to this subchapter waives sovereign immunity to suit for the
purpose of adjudicating a claim for breach of the contract, subject to the
terms and conditions of this subchapter.

 

Tex. Loc. Gov=t Code Ann. ' 271.152.  A>Contract subject
to this subchapter= means a written contract stating the
essential terms of the agreement for providing goods or services to the local
governmental entity that is properly executed on behalf of the local
governmental entity.@  Id. ' 271.151(2).[4]

 

In their pleadings and on appeal, the firefighters based
their breach-of-contract action on (1) Texas
statutes, (2) City of Houston
ordinances, and (3) the Agreements between the Association and the City. 
The firefighters contend, either read together or considered independently,
these three  types of writings are contracts
subject to the provisions of Texas Local Government Code sections 271.151
through 271.160.

The City argues neither statutes nor ordinances constitute Awritten contracts@ falling under
sections 217.151(2) and 271.152.  The City further argues that, for
varying reasons, the firefighters lack standing to sue on any of the
Agreements.

Our ultimate goal in construing a statute is to give effect
to the legislature=s intent as expressed in the language of
the statute.  F.F.P. Operating Partners, L.P. v. Duenez, 237 S.W.3d 680, 683 (Tex.
2007); Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 892 (Tex. 2000). 
In doing so, we must always consider the statute as a whole rather than its
isolated provisions.  Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001).  AWe should not give
one provision a meaning out of harmony or inconsistent with other provisions,
although it might be susceptible to such a construction standing alone.@  Id. 
Instead, we presume that both the statute and the legislative act are
intended to be effective in their entirety.  Allegheny Mut. Cas.
v. State, 710 S.W.2d 139, 141 (Tex. App.CHouston
[14th Dist.] 1986, pet. ref=d).

 

Unless otherwise expressly provided, the Code Construction
Act applies to construction of the Local Government Code.  See Tex. Loc. Gov=t Code Ann. ' 1.002 (Vernon
2008).  Thus, in construing a statute within the Local Government CodeCregardless of whether the statute is
ambiguous on its faceCwe may consider the
following matters, as well as others: the object sought to be attained; the
circumstances under which the statute was enacted; common law or former
statutory provisions, including laws on the same or similar subjects; and the
consequences of a particular construction.  Tex. Gov=t Code Ann. ' 311.023 (Vernon
2005).  Under the Code Construction Act, A[i]n order to preserve the legislature=s interest in
managing state fiscal matters through the appropriations process, a statute
shall not be construed as a waiver of sovereign immunity unless the waiver is
effected by clear and unambiguous language.@  Id. ' 311.034.

State statutes.  By virtue
of the plain language of sections 271.151(2) and 271.152, a state statute,
standing alone, cannot constitute a Acontract subject to
[sections 271.151 through 271.160]@ because a state
statute is not Aexecuted on behalf of the
local governmental entity.@  Tex. Loc. Gov=t Code Ann. ' 271.151(2). 
The legislature has not waived governmental immunity from suits in which local
government employees recast the employer=s alleged
statutory violations as breach-of-contract actions.

Municipal ordinances.  In
contrast, a municipal ordinance necessarily is Aexecuted on behalf of the
local governmental entity,@ and therefore may fall
within the section 271.151(2) definition of a Acontract@ if the ordinance
meets the additional elements of that definition.  The additional elements
are (1) a written contract, (2) stating essential terms of the agreement, (3)
providing for goods or services, (4) to the local governmental entity, and (5)
properly executed.  Tex.
Loc. Gov=t Code Ann. ' 271.151(2).

 

In the present case, the firefighters rely primarily,
although not exclusively, on City of Houston,
Code of Ordinances section 34-59.  As part of the Code of Ordinances,
section 34-59 is in writing.[5] 
In section 34-59, the City promises specified employees, among other matters,
compensation for working overtime, allowance of sick leave, and accrual of
vacation time.  See City of Houston, Code of Ordinances '
34-59(d), (i), (j).   The ordinance
also provides that the regular rate of pay shall include base, longevity,
educational incentive, and assignment pay, and higher classification pay where
authorized.  Id.
' 34-59(a)(4).   Thus in section 34-59, the City has
promised certain benefits if its eligible employees perform.  In doing so,
it has created a unilateral contract.  See Plano Surgery Ctr. v.
New You Weight Mgmt. Ctr., 265 S.W.3d 496, 503 (Tex. App.CDallas
2008, no pet. h.) (stating unilateral contract is
created by promisor promising benefit if promisee performs and contract becomes enforceable when promisee performs).

Section 34-59 also states the essential terms under which
the firefighters will provide services to the City and will be
compensated.  Section 34-59 comprises ten subsections and, as discussed above,
specifies such matters as the definitions of overtime and the regular rate of
pay.  See City of Houston,
Code of Ordinances ' 34-59.

Finally, the history of section 34-59 indicates the section
had its origins in the 1968 City of Houston,
Code of Ordinances section 18-20, as modified by subsequent ordinances.  See
id.  The City does not contend the 1968 Code or the modifying
ordinances were not Aproperly executed.@

In sum, we conclude City of Houston, Code of Ordinances section 34-59
meets the definition of a Acontract@ as set forth in
Texas Local Government Code section 271.151(2).[6]


 

Rather than directly confronting the definition of a Acontract@ in section 271.151(2),
the City primarily relies on a series of statute-of-limitations cases, in which
the courts held a four-year period applicable to suits on debts based on
written contracts did not apply to suits in which local government employees
alleged purely statutory rights to payment.  See, e.g., Creps v. Bd. of Firemen=s Relief and Ret.
Fund Trs. of Amarillo, 456 S.W.2d 434,
439 (Tex. Civ. App.CAmarillo
1970, writ ref=d n.r.e.); Hamilton v.
Bd. of Firemen=s Relief and Ret. Fund Trs. of Texarkana, 408 S.W.2d 781, 784 (Tex. Civ. App.CTexarkana 1966, writ ref=d n.r.e.); City of Temple v. Brown, 383 S.W.2d 639,
641 (Tex. Civ. App.CAustin
1964, writ dism=d); Whitley v.
City of San Angelo, 292 S.W.2d 857, 861 (Tex. Civ.
App.CAustin 1956, no
writ).  Courts in these limitations cases were rejecting arguments that
statutes could constitute contracts and were not construing the definition of a Acontract@ found in Local
Government Code section 271.151(2).

The City further relies on Overton v. City of Houston,
also a limitations case.  564 S.W.2d 400, 403B04
(Tex. Civ. App.CHouston
[1st Dist.] 1978, writ ref=d n.r.e.). 
In Overton, the employees were relying on city ordinances to assert
their right to termination pay.  The court observed:

Where a contract is made with reference to the performance of certain
acts prescribed by ordinance, the contract and the ordinance will be considered
together and the statute will become a part of the contract. The ordinances
alone, however, cannot form a contract with the plaintiffs in this case. 
The record must evidence a contract in writing between the plaintiffs and the
city into which the ordinances can be read.  In the absence of proof of
such a contract in writing in this case, plaintiffs= cause of action rests solely on
the ordinances and is subject to the two year statute of limitation.

 

Id. at 403B04 (citations
omitted).  The cases on which the Overton court relied for the last
proposition, however, were limited to assertions of statutory rights.  The
limitations cases, including Overton, are not persuasive authority for
holding that a local government=s properly executed ordinances fall
outside the definition of a Acontract@ in section
271.151(2).

 

The City next directs our attention to the following cases,
in which the courts construed sections 271.151(2) and 271.152:  City of
Houston v. Swinerton Builders, Inc., 233 S.W.3d 4
(Tex. App.CHouston [1st Dist.]
2007, no pet.); Valley Mun. Util.
Dist. No. 2 v. Rancho Viejo, Inc., No. 13‑07‑00545‑CV,
2008 WL 384320 (Tex.
App.CCorpus Christi Feb. 14,
2008, no pet.) (mem.
op.); and Seals v. City of Dallas, 249
S.W.3d 750 (Tex.
App.CDallas 2008, no pet.). 
In Swinerton, the plaintiffs were suing for
quantum meruit, not for 
breach of contract, and the First Court of Appeals held that the
legislature did not intend section 271.152 to apply to claims Aarising under@ a contract
despite use of that phrase in the subchapter heading.  233
S.W.3d at 13.  In Valley MUD, the plaintiff sued for breach
of an easement agreement which had not been signed by any representative of
Valley MUD and therefore was Anot >properly executed
on behalf@ of the MUD.  2008 WL 384320,
at *4.  The Corpus Christi Court of Appeals further observed the
agreement was not for goods or services to be furnished to the MUD.  Id.  In
neither Swinerton nor Valley MUD did
the courts consider whether a properly executed ordinance could constitute a Acontract@ subject to
sections 271.151(2) and 271.152.

In Seals, the Dallas
court of appeals rejected the city employees= argument that, in
an earlier case, the court had implicitly recognized that the city=s ordinances and
rules governing the terms of employment created a contract between it and fire
department employees.  249 S.W.3d at 756 (citing City of Dallas v.
Albert, 214 S.W.3d 631, 633 (Tex. App.CDallas
2006, pet. filed)).[7] 
As the Seals court explained:

In Albert, Dallas firefighters brought suit,
on theories including breach of contract, to recover wages allegedly due them
because the City allegedly violated a municipal ordinance requiring it to
maintain a percentage pay differential between various grades of
firefighters.  Because section 271.151 et seq. was enacted during the pendency of the Albert appeal, we remanded the case Ato allow [the firefighters] the
opportunity to argue that the legislature has waived the City=s immunity from suit by these new
statutory provisions.@  Allowing the
firefighters in Albert to argue that their contract falls under section
271.151 et seq. is not an endorsement of their position.

 

Id. (citations
omitted).  The Seals court also observed that the employees in the
case before it could point to nothing in the record showing their employment
was anything other than Aat will.@  Id.
at 757.  Finally, in its personnel rules, the city specifically disavowed
the creation of an employment contract.  Id.

 

In contrast, the firefighters in the present case argue
that, by virtue of their civil service status, they are not at-will
employees.  See County of Dallas v. Wiland,
216 S.W.3d 344, 348 (Tex.
2007) (stating, for public employees, at-will status may be modified through
civil service systems).  The City does not argue otherwise.[8] 
Additionally, the firefighters direct our attention to proof of the existence
of civil service files for each firefighterCfiles  containing documents reflecting date of hire, changes
in base salary, payment of supplemental pay, disciplinary actions, performance
rating, letters of commendation and retirement date.[9] 
Cf. Kiel v. City of Houston, 558 S.W.2d 69, 71 (Tex. Civ. App.CHouston [14th Dist.]
1977, writ ref=d n.r.e.) (applying liberal construction to limitations statute
and  holding firefighter=s civil service record and writings
surrounding it, especially eligibility list for promotion, taken as whole,
constituted a contract in writing with city).  For these reasons, Seals
is distinguishable.

 

Additionally, we observe that, in Arredondo v. City of
Dallas, the Dallas court of appeals considered an ordinance to be a
contract, or part of a contract, between the city and the plaintiff
firefighters.  79 S.W.3d 657 (Tex. App.CDallas
2002, pet. denied).[10] 
Such an approach is consistent with the manner in which municipalities conduct
business.  See Cent. Power & Light Co. v. City of
San Juan, 962 S.W.2d 602, 613 (Tex. App.CCorpus Christi 1998, pet. dism=d w.o.j.) (AA city council can
transact a city=s business transactions only by resolution
or ordinance, by majority rule of the council.@).

In sum, we conclude the ordinances the firefighters cite
constitute a Acontract@ as defined by  Texas Local Government Code section 271.151(2). 
See Tex.
Loc. Gov=t Code Ann. ' 271.151(2). 
Accordingly, we further conclude the legislature, pursuant to section 271.152,
has waived the City=s immunity to suit for alleged breaches of
ordinances prescribing the methods of calculating firefighters= overtime and
termination pay.  See id. ' 271.152.

Meet and confer and collective bargaining agreements.  Finally,
the firefighters argue the 1995 and 1997 Agreements and the 2005 CBA are
contracts subject to the provisions of Texas Local Government Code sections
271.151 through 271.160.[11] 
The City does not disagree, but asserts the individual firefighters do not have
standing to bring breach-of-contract actions based on these agreements.

The City=s standing argument is two-fold. 
First, the City contends only the Association has standing to sue for breach of
the agreements.  Second, the City contends the 
firefighters= failure to exhaust the grievance
procedures precludes them from having standing to sue for breach of the
agreements.  Agreeing with the City=s first
contention, we do not address its second.

 

The 1995 and 1997 Agreements provide that grievances and
disputes concerning application of the agreements may be resolved either
through the statutory grievance procedure or Aby judicial
resolution as provided in TEXAS LOCAL GOVERNMENT CODE ' 143.206.@  The
agreements further provide,

In case judicial resolution is chosen, the district courts of Harris
County, Texas, shall have full authority and jurisdiction over any application
by either party to this Agreement who is aggrieved by an action or omission of
the other party if the action or omission is related to a right, duty or
obligation provided by this Agreement.

 

Both agreements indicate they were negotiated Aby and between the
Houston Professional Fire Fighters Association . . . and the City of Houston,
Texas.@  Both
agreements were signed by representatives of the Houston Professional Fire
Fighters Association and the City=s mayor. 
Thus, under the terms of the agreements, the Association or the City may sue
for enforcement.  Nothing in the agreements permits, or refers to, a suit
by individual firefighters.

The firefighters, however, argue nothing in the cited
provision Areserves to or describes
an exclusive or preemptive right of the Association to sue for breach.@  Citing
Texas Local Government Code section 143.206(a), the firefighters argue that,
because the agreements are binding and enforceable on the firefighters, they
have standing to sue for breach of the agreements.  The cited provision in
the agreements tracks section 143.206, which provides in relevant part:

(a) A written agreement made under this subchapter
between a public employer and a fire fighters association recognized as the
sole and exclusive bargaining agent is enforceable and binding upon the public
employer, the fire fighters association recognized as the sole and exclusive
bargaining agent, and fire fighters covered by the agreement if:

(1) the municipality=s governing body ratified the
agreement by a majority vote;  and

(2) the fire fighters
association ratified the agreement by a majority of the votes received in a
referendum of its members by secret
ballot.            


 

(b) The state district court of the judicial
district in which the municipality is located has full authority and
jurisdiction on the application of either party aggrieved by an action or
omission of the other party when the action or omission is related to a
right, duty, or obligation provided by any written agreement ratified by both the
public employer and the fire fighters association. . . .

 

Tex.
Loc. Gov=t Code Ann. ' 143.206 (Vernon
2008) (emphasis added).

Thus, like the 1995 and 1997 Agreements, section 143.206(b)
refers to Aeither party@ and the Aother party@ to the agreement. 
The mention of only the parties to the agreement and not the firefighters in
both the Agreements and the statute suggests both contemplate suits only by the
parties.  See Steering Comms. v. Pub. Util. Comm=n, 42 S.W.3d 296,
302 (Tex. App.CAustin 2001, no pet.) (applying presumption
that purposeful inclusion of certain terms in statute implies purposeful
exclusion of absent terms under principle of statutory interpretation inclusio unius est exclusio alterius);
see also Baty v. ProTech
Ins. Agency, 63 S.W.3d 841, 854 (Tex. App.CHouston
[14th Dist.] 2001, pet. denied) (interpreting contract and applying the maxim expressio unius est exclusio alterius).

For the foregoing reasons, we conclude the firefighters lack
standing to sue for alleged breaches of the 1995 and 1997 Agreements.  As
discussed below, we also conclude they lack standing to sue for alleged breach
of the 2005 CBA.

 

Establishing a breach of the duty of fair representation by
the Association is an Aindispensable predicate@ to an employee=s action against
the City for violation of the collective bargaining agreement.  Metro. Transit Auth. v. Burks, 79 S.W.3d 254,
257 (Tex. App.CHouston [14th Dist.]
2002, no pet.); see also 20 Richard
A. Lord, Williston on Contracts ' 55.60 (4th ed.
2001) (discussing suits by employees seeking remedy for violation of their
personal rights under a collective bargaining agreement and stating employee
who brings action against employer under Federal Labor Management Relations Act
section 301 is necessarily suing union as well as employer because employee is
contending union did not adequately represent him or her).  The
firefighters did not allege in the trial court, nor do they argue in this
court, that the Association in anyway failed to represent them adequately in
relation to the 2005 CBA.

In short, although the 1995 and 1997 Agreements and the CBA
arguably meet the definition of a Acontract@ subject to the
waiver of immunity in section 271.152, the firefighters do not have standing to
sue for breach of those agreements.  Because we conclude the firefighters
do not have standing under the City=s first
contention, we do not address the City=s contention based
on the firefighters= asserted failure to exhaust grievance procedure
remedies.  See Tex.
R. App. P. 47.1.

IV.  Conclusion

We conclude the City=s ordinances
setting forth the essential terms of  the
firefighters= overtime and termination pay constitute written
contracts subject to the waiver of governmental immunity in Texas Local
Government Code section 171.152.  Accordingly, we overrule the City=s sole issue and
affirm the order of the trial court.

 

 

 

 

/s/     
Charles W. Seymore

Justice

 

 

Panel consists of Justices Yates, Seymore and Boyce.




Appendix

 

 

Steve
Williams

Thomas G. Arfele

Lloyd A.
Irvin

Richard C.
Mumey

Joseph M. Tortorice

Leo Adams

Travis E.
Adams

Leslie C.
Adkins

George P.
Alexander

Kevin J.
Alexander

Jerry W.
Anderson

Leslie F.
Anderson

Lanny
W. Armstrong

James T. Atkinson

Myron E.
Atkinson

Charles D.
Barr

Johnny E. Belin

Hillary
Bell

Thomas E. Belyeu

Robert L.
Bennett

Paul N.
Bernard

Craig E. Boegler

Ronnie L. Boegler

Joseph T.
Bond

Raymond
Borden

Gary L.
Bourgeois

Gary L.
Brown

Sidney R.
Bruce

Ray Burt

Arthur Butler

John G.
Butler

Dennis C.
Byrd

Manuel G.
Caballero

Lonny R.
Cameron

John
Cannon

Chester A. Cary

Daniel W. Casanover

Charles B.
Cason

Ezdore
P. Cegielski

Dennis Celsor

Billy S.
Chaffin

Leonard L.
Cherry

Clifford
D. Chevalier

Samuel R. Chumley

Donald R.
Clark

John A.
Clemens

Howard N.
Coates

Robert L.
Cobb

James C.
Collins

Travis A.
Combs

Richard C.
Cook

Daniel Cordaway

Robert A.
Cortez

Willie E. Cotten

Dennis Cox

James R.
Crowder

Stanley G. Curtis

William B.
Dalzell

Larry C.
Danna

Ronnie H.
Dees

Sam L. DeForke, Jr.

Charles F.
Demoss

Ronald E. Dornak

Norman E. Driskell

Ernest
Duran

Ronald
Earnest

David A.
Easley

Billy W.
Emmons

Bobby C. Englishbee

Daniel E.
Estes

Allen L.
Farris

John L. Filar

Jarvis D.
Fisher

Lynn E.
Fortune

Michael R.
Gann

Ralph M.
Garza

Richard L.
Garza

Brad T.
Gibson

Willie E.
Glass, Jr.

Johnny D.
Glover

Frank E.
Gore

Zenus
A. Graham

Frank
Guthrie

Newel K.
Hamilton

Everett H. Harkless

David L.
Harper

Leon J.
Hauck

Charles E.
Hawthorne

Donald W.
Helm

James E. Hilsher

James H.
Hobbs

James W.
Holden

John M. L.
Holleman, Jr.

Lindsey G.
Holt

Richard A.
Horowitz

Robert J. Huizar

Casey R.
Jacoby

William P.
Jansa

Oscar S.
Jenkins

James B.
Jernigan

Billy W.
Johnson

Franklin
E. Kelner

Joseph Kirvin

James P. Kivel

Louis E. Klare

Alton D.
Lee

Calvin L.
Lee

Ralph J.
Lemon

William M.
Lindsey

Marvin Litzler

William Lobins

Richard
Locke

Phillip A.
Long

Francis X.
Maher

 

Lawrence M. Malek

John J. Maniscalco

George A.
Manos

Richard
Massey

Stanley McCoy

Jackie R.
McDonald, Jr.

Richard A.
McTague

Gary W.
Miller

Jesus L. Minjares

Frederick
V. Moore

Tranquilino C. Munoz

Sammy J. Musachia

Gary W. Nelius

Terry R. Oberpriller

Donald C. Paradowski

James L. Pavlock

Marcos O.
Perez

Charles A.
Phlegm

Eugene W. Pilkenton

Johnnie S.
Posuk

Christopher
Potier

Jerry W.
Powers

Harold J. Prevost

Harry C.
Pruitt

Robert E.
Putnam

Rocco R. Rao

Edmond B. Reeves

David
Reyes

Jose L.
Reyes

James B.
Riggs, Jr.

George A.
Ross

Anthony
Russo

Daniel
Salazar

William E.
Sammons

Leon Sandles

Travis L. Sattiewhite

William I.
Scates

Mignon E. Schillaci, Executrix/Administrator of the Estate of Sammy
L. Schillaci, Deceased

Phillip S.
Schultz

Anthony G.
Schulze

George C. Seaback

Terry
Shaffer

Robert C. Sherrard

Billy H.
Sheffield

Roy L.
Simmons

Allen D. Stagner

Herbert W.
Stein

Leonard
Stephens

Robert W.
Steward

Wilbert P.
Steward

David
Stewart

Lloyd W.
Stone

Bruce W.
Talbot

Reginald
Tarver

John S.
Taylor

James L.
Tharp

Amar P.
Thibodeaux

Billy W.
Thompson

Duron
J. Thorne

Ronnie L.
Tidwell

David A. Tilbury

James H.
Tucker

Lester W. Tyra

Willie G.
Vick

Gilbert Villareal

Jerry D.
Wakefield

Oscar F.
Wallace, Jr.

Michael F.
Wead

Marion
Weaver

Jack E. Wedgeworth

Larry A.
Wesley

Charles V.
Wheeler

Charles J.
Whitcher

Daniel
Whiting, Jr.

James M.
Williams

Charlie S.
Wilson, Jr.

John P.
Wood

Robert Wroblewski

Antoine E.
Yazbeck

Carl B.
Young

Jimmy Bundrick

Daniel J.
Dillard, Sr.

Wayne C.
Grissom

Gene Guentert

Wendell Keilers

William
Henry King

Jerry
McDaniel

Jerry D.
Smith

Paul Albarado

Benny H.
Albers

Alex J. Arizpe

Ulysess
Armstrong

Chapman E.
Baber

Ronnie
Bates

Royce G.
Beck

Phillip
Bernard

David
Bonds

Kenneth A.
Broeder

Billy Bromonsky

William N.
Brown

William R.
Campbell

John L.
Carter

John M.
Christopher

Gary T.
Dean

Jimmie
Dearing

Gus Leon Fress

Thomas Gainous

David N.
Gilchrist

Donna
Golden

Gordon L. Griffin

Victor
Gustafson

Samuel
Hamilton

Maria E.
Hayes, Executrix of the Estate of Paul David Hayes, Deceased

 

Michael J.
Herman

Manuel M.
Herrera

Aubrey
Houston

Larry
Hunter

Charles A.
Ingram

Mearl
L. Jones

John Kling

Jerry D.
Lee

Travis D.
Lee

Darrell Mahalec

Daniel E. Malek

Raul
Martinez

Michael C.
McFarland

Royce
Melton

James G.
Miller

Romeo Montalvo

Louis S.
Moore

Roy E.
Moore

Wayne
Murphy

Carl N.
Newman

David L.
Norris

Gary Pick

Robert W.
Prescott

Larry Prevatte

Eddy Proske

Anthony S.
Reynolds

Carlos E. Robledo

Billy G.
Royal

Louis L. Rumfolo

Oscar E. Sacher

Harvard E. Schroeder

Darrell R.
Shely

William L.
Sivley

Dannie C.
Smith

Lance
Stahl

Jerry Stansel

Melvin L.
Starling

William R.
Stone

Anthony J.
Tamborello

Rex A. Ticknor

Edward K.
Ward

Douglas R.
Weidemann

Frederick
J. Wessman

William
Kirk Williams

James A.
Wright

Zeke
Zimmerman

James
Allen

Norman E.
Allen

Curtis H.
Barker

Gary P.
Bennett

Raymond R.
Bennett

Terry L.
Bolton

Ben H. Brymer

Bobby D. Carraway

Joseph A.
Clark

John T.
Crocker

Gary L.
Davison

Norman Donalson

Ralph E.
Frazier

Gregory A.
Galan

James E. Goetzman

Gary Grimes

Loyd R.
Hunter

Rodney D.
Johnson

Walter B.
Kirk

Leon D. Lehmann

Eddie
Lowery

Earl D.
Manning

Kenneth R.
Martin

Christopher
E. Mellen

Calvin
Mendel

Steven L. Merrel

David
Mills

Donald R.
Myers

Larry L.
Rooney

Jerry L.
Sanders

Williams
H. Skinner

William D.
Smelley

Thomas
Spencer

Bob C. Strahan

Richard F.
Thomas

Jerry W.
Thompson

Terry G.
Thompson

John M. Tumis

Larry W.
Wade

Wesley Waldrum

Jerry E.
Walker

Roger W.
Walker

Dale G.
Watson

Bobby J.
Weatherly

James E.
Wilkerson

Michael
Craig Williams

Richard
Williams

Aurora
Carrasco‑Ybarra

Oliver L.
Barrett, Jr.

Rodney M.
Blair

Laval H. Bolling, Jr.

James R.
Booth

Edward W. Boze

Robert L.
Branch

Ronald G.
Brown

George S. Burlin

Roger M.
Caballero

Cecil Callihan

Melvin E.
Cannon

John
Chandler

James A. Cravin

Terry
Crawford

Jerry D.
Curtis

James S.
Dancer

Daniel
Davidson

Bobby R. Deiss

Roy A.
Foster, Jr.

Albert H.
Garcia

Gary L. Goodlett

Timothy
Ham

Larry B.
Harper

Juan
Hernandez, Jr.

Jackie
Hibbard

Elbert C.
Howard

 

Mavis Irvan, Executrix of the Estate of William Irvan, Deceased

Billy W. Jatzlau

Mike Jones

Robert E.
King

Clifford
J. Krengle

Richard W. Lane

Richard Lemoing

John L.
Mayes

Johnny P.
McAdams

Ricky D. Merrywell

Jack E.
Mobley

Roland E.
Morgan

Thomas E.
Morgan

Robert L.
Northcutt

Paul D.
Perez

Kenneth W.
Powell

Dennis B.
Pruitt

Henry T.
Rainey

Joseph A.
Ramirez

Frank D. Ratka

Eric Renschler

Lonia
D. Rice

Raymond L.
Roberds, Jr.

Henry J. Robledo

Robert W. Royall

Jimmie R.
Sanders

Jeffrey R.
Schmidt

Joseph Sciambia

Herbert C.
Sims

Michael S.
Slabic

John R. Slovacek

John H.
Strange

Anthony S.
Tamborello

Michel O.
Thames

Howard T.
Starling

Sheldon K.
Tolson

Ray Torres

Henry W. Ullrich

Jimmy D. Ussery

F. L.
Vickers

Gregory M.
Villarreal

Wesley J. Warnke

Carl Weber

Robert A.
White

Zaid I. Abdul‑Kareem

Charles R.
Bell

William
Benjamin

Donald A.
Bennett

Jack F.
Bennett

Eric D.
Brady

Fred G.
Conrad

Edward A.
Corral

Donald E.
Crowder

Robert
Garza

Berton
D. Golden

Herman
Gonzales

Robert M.
Gonzalez

Danny R.
Greenwood

Gary S. Groover

Gasper Guercio

Rockie
G. Ham

William T.
Hand

Ronald L. Havemann

William C.
Herrington

Sam
Houston

Ricardo
Huerta

Pete Inocencio

George A. Jamail

Darrell W.
Janner

Arnett
Jones

Patrick J.
Kasper

Johnny R.
Klotz

Richard
Large

Donald
Mauro

Michael J.
Nobles

George C.
Porter

Benny H.
Prince

Travis L.
Quinn

Clifford
C. Reed

Benjamin
A. Rivera

Raymond
Dean Robertson

Sammy R.
Robertson

Albert D.
Robinson

Robert S.
Rodriguez

Vandon
Roller

Roland
Sanchez

Anthony Schillaci

Michael D.
Smith

Robert E.
Swisher

Robert Tamborello

Alfred
Taylor

David Ward

Delbert L.
Warwick, Sr. 

Raymond G.
Weber

Jerry
Acevedo

Waymon
E. Armstreet

Anthony R.
Arnt

Theo R. Ater

Donnie L. Bannert

Sherwin W.
Belveal

Freddie Bennefeld

Lawrence E. Benson

Jerry A. Besselman

Roye G.
Binnion

Ronald W.
Bishop

Roger D. Bobo

Donald W. Boriack

James O. Buckelew

Richard W.
Buller

Gilbert F.
Castillo

Larry
Caswell

David W.
Champagne

Phillip R.
Christopher

Abel A.
Coleman

Bruce G.
Conway

James R.
Crawford

David L. Dalmolin

 

David W.
Dean

Sammy J. Dibello

Marvin L. Dominy

Michael F.
Donlevy

Dennis C. Duckett

Thomas A.
Erickson

George R.
George

Glenn R.
Gonzales

Joseph
Gould

Billy D.
Grisham

Alan R.
Gunderson

David Hall

Lloyd C.
Hawkins

Robert L.
Hawthorne

Timothy H.
Hayes

Leonard J.
Higgins

Wayne M. Huckabay

Duane E. Hundl

Jimmy D.
Hunter

Charles L.
Itzen

David E. Jahnke

Manuel B. Jalomo

Doyle D.
Johnson

Robert L.
Johnson, Jr.

Ronald W.
Johnson

Robert E. Kercho

Bobby G.
Key

Charles
Knott

David Lantrip

Dale H.
Larson

Johnnie Leggio

Harry D. LeMaster

Stephen M.
Levell

Peter A.
Lozano

Timothy C.
Lund

James C. Maddux

Thomas E. Malek

James H.
Martin

Dennis L. Maday

Joseph W. McAnally

Marvin G.
McClelland

Burl D.
McMahan, Jr.

Eddie L. Meschwitz

Michael S.
Miller

Stephen P.
Mitchell

Olin M.
Musgrave

Donny R.
Myers

Rickie L. Neyhard

Michael D.
Owin

Lawrence J. Pander

Joe V.
Patterson

Ignacio J.
Pena

Robert Pilkenton

Pruitt Daniel H.

Gerald
Wayne Pulpan

Raul C.
Rivera

Norman J.
Roberts

Armando Ronje

Glen A.
Rust

Michael E.
Schifani

Donald R.
Schroeder

Sherman K. Sims

Newton Smith

James E.
Stahl

Carl W.
Stephens

Hubert G.
Taylor

Roger G.
Teague

Julio L.
Terry

David Venegas

Stephen A.
Waldrep

James H.
Walker

Thomas L.
Watson

Eugene Wiley

Darrell W.
Williams

Richard K.
Williams

Ronald F. Wischnewsky

Ricky J.
Wood 

 

 














[1]  In their brief, the firefighters
state, AFire Fighter Steve Williams is not a party to this case or
appeal, having dismissed his claims sometime ago.  For purposes of
consistency and ease of case identification, the parties have continued to use
his name in the style of the case.@  A complete list of the
plaintiffs= names as they appeared in the style of the live
pleading (the ninth amended petition) may be found in the Appendix to this
opinion.





[2]  The trial court reserved for a later trial Aall
issues of damages, injunctive relief, other requests for declaratory judgment
relief, interest, costs and attorneys=
fees.@





[3]  In our first opinion, we held the City was not
immune from liability because it had contracted with the firefighters.  City
of Houston v. Williams, 183 S.W.3d 409, 413B14 (Tex. App.CHouston
[14th Dist.] 2005), rev=d, 216 S.W.3d 827 (Tex. 2007) (per curiam).  The City has not challenged that
holding.  The issue in the present case is whether, under Local Government
Code sections 271.151(2) and 271.152,  the City
has waived immunity from suit by entering into that contract.  See Tex. Loc. Gov=t Code Ann.
'' 271.151(2), .152 (Vernon 2005).





[4]  A[T]his
subchapter@ refers to subchapter I. of Texas Local
Government Code chapter 271, AAdjudication of Claims
arising under Written Contracts with Local Governmental Entities.@  Subchapter I.
comprises sections 271.151 through 271.160.





[5]  Available at http://www.municode.com/resources/gateway.asp?pid=10123&sid=43 (last visited March 20, 2009).





[6]  Although we confine our analysis to section
34-59, a similar analysis may be applied to other ordinances relevant to the
firefighters= employment.  By not analyzing each of the
ordinances on which the firefighters relied in the trial court, we do not
intend to imply they fall outside the section 271.151(2) definition.





[7]  In Seals, the plaintiffs alleged the
fire chief had violated the city=s
charter, civil service rules, and the fire department=s general procedures manual when he transferred five
firefighters from another division into the division where the plaintiffs
worked.  Seals v City of Dallas, 249 S.W.3d 750,
752B53 (Tex. App.CDallas
2008, no pet.).





[8]  Adoption of a civil service system does not
necessarily eliminate the possibility of at-will employment.  See
County of Dallas v. Wiland, 216 S.W.3d 344, 353
(Tex. 2007) (ANothing prohibits a county from adopting a civil service
system that affords only procedural rights while employment remains at‑will.@).





[9]  The proof comprises affidavits of former
firefighter Richard C. Mumey and termination pay
worksheets for many of the firefighters.





[10]  The Dallas
court referred to the ordinance both as constituting part
of the contract and as the contract.  See Arredondo
v. City of Dallas, 79 S.W.3d 657, 659, 667, 668 (Tex. App.CDallas 2002, pet.
denied).  Neither
party disputed that the ordinance in question was part of the city=s contract with the firefighters.  See id. at
667.  The question before the Dallas
court concerned whether the ordinance was ambiguous and what effect the
ambiguity had on the appropriateness of summary judgment.  See id. at 668B69.





[11]  We note that the 1995 and 1997 Agreements and
the 2005 CBA contain provisions by which the Agreements and the CBA are to supercede, or take precedence over, conflicting
ordinances.  We take no position on the degree to which these provisions
may affect the firefighters= ability to
succeed on the merits of a breach-of-contract claim based on the
ordinances.   See Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000) (AA plea to the jurisdiction is a dilatory plea, the
purpose of which is to defeat a cause of action without regard to whether the
claims asserted have merit.@).