John W. OVERTON et al., Appellants,

v.

CITY OF HOUSTON, Appellee.

No. 17062.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 9, 1978.

Rehearing Denied April 6, 1978.

Sears & Burns, Will Sears, Houston, for appellants.

Robert M. Collie, Jr., City Atty., Alan F. Levin, Sr. Asst. City Atty., Ann L. Carleton, Asst. City Atty., Houston, for appellee.

COLEMAN, Chief Justice.

John W. Overton and William E. Averyt filed suit against the City of Houston and certain of its officers for a mandamus to compel payment of termination pay. The trial was to the court without a jury. The case was submitted to the court upon an agreed stipulation of facts and certain documentary evidence. Judgment was rendered for the defendant city solely by reason of the two year statute of limitation, Article 5526, Vernon's Annotated Civil Statutes. The judgment will be affirmed.

The plaintiffs contend that the trial court erred in applying the two year statute of limitation because (1) the action was one to enforce a prior judgment and the ten year statute of limitation, Article 5532, Vernon's Annotated Civil Statutes, was applicable and (2) the action was for debt where the indebtedness was evidenced by or founded upon a contract in writing and the four year statute of limitation, Article 5527, Vernon's Annotated Civil Statutes, was applicable.

The petition on which this suit was prosecuted was entitled "Plaintiffs' Original Petition (For Writ of Peremptory Mandamus)". In the petition, the plaintiffs' asserted that they were entitled to a writ of mandamus to enforce the terms of a final judgment of the district court of Harris County, Texas, 164th Judicial District, rendered in cause No. 638,254, styled *John Overton, Et al, Plaintiffs vs. Louie Welch,*

*Et al, Defendants.* A copy of the judgment was attached to the petition and was introduced in evidence on the trial of this case.

The judgment entered in the 164th District Court against the City of Houston grew out of a suit by Overton and Averyts for declaratory judgment that they had been unlawfully removed from the classi-' fied civil service of the City of Houston. The judgment entered required the mayor to set aside his order discharging the plaintiffs and to direct his administrative aides to restore each of the plaintiffs to the position from which he was unlawfully removed. The court further decreed that the proper officials of the city take all necessary action to cause a warrant to issue to pay the plaintiffs all of the unpaid salary with interest due each such plaintiff from and after the date of his unlawful discharge. The court further found and declared that the order of the mayor of January 22, 1964, was wholly null and void and ineffective to separate the plaintiffs from employment with the city, that the position in the classified civil service of the City of Houston held by each plaintiff was never lawfully abolished by the City Council of the City of Houston, and that each plaintiff is entitled to be paid the entire unpaid salary appertaining to his position from and after January 22, 1964.

As a result of this judgment, the plaintiffs were reinstated in their positions in November of 1967, and were ordered to report for work on December 1, 1967. The plaintiffs reported for work on the date designated and on the same day filed their written resignations. At this time, they requested payment for their accumulated sick leave and vacation time. The city paid them the accumulated monthly salaries as of December 1, 1967, but refused to pay for the accumulated sick leave and vacation time. This suit was filed more than two years but less than four years from December 1, 1967, the date the plaintiffs resigned.

On the date the judgment was entered by the 164th District Court in the *Overton vs. Welch* case, no money was due to the plaintiffs for accumulated sick leave and vacation time. The city had no obligation to pay an employee in the classified civil service for accumulated vacation time or unused sick leave until such time as that person terminated his employment with the city. The extent of the obligation was necessarily uncertain until that time.

The city had a legal duty to pay to the plaintiffs such sums as might be due them as of the date they terminated their employment with the city in the classified civil service. This duty was established by its ordinances establishing pay scales and fringe benefits. The judgment of the 164th District Court determined that the plaintiffs were members of the classified civil service as of the date of their resignations. At the time this judgment was entered, the plaintiffs had not communicated their intention to terminate their employment at a future date nor had the city evidenced an intention to refuse to pay to plaintiffs their accumulated sick leave and vacation time.

 The district court lacks power to pass upon hypothetical or contingent situations, or determine questions not essential to the decision of an actual controversy, although such questions may, in the future, require adjudication. *Firemans Insurance Company of Newark, New Jersey v. Burch,* 442 S.W.2d 331 (Tex.1968). Since an adjudication of that question was beyond the power of the court at the time the judgment was entered, the plaintiffs' right to the payments could not have been adjudicated and were not established by the judgment. Mandamus was not a proper remedy, and the ten year statute of limitation was not applicable.

The plaintiffs allege that their cause of action is based on a written contract of employment evidenced by numerous written documents in the city's civil service file. These documents were not offered into evidence. The plaintiffs assert that this was not necessary since the judgment of the 164th District Court declared plaintiffs to be members of the classified civil service, and the rules governing the civil service of the City of Houston found in the Code of Ordinances of the City of Houston, 1958

Edition, Sections 8–23 through 8–117, require a written application for an appointment to the classified service in the City of Houston, a written certification of appointment and various other instruments in writing which clearly evidence a written contract of employment.

These rules were filed in the record several months after the case was submitted to the court for decision, but before the court had rendered its judgment. The court authorized this procedure at a hearing in open court. The record does not reflect that the city objected at that time. The city now asserts that these rules have no evidentiary value since there is no evidence that the rules filed in the record were the rules in effect at the time the plaintiffs were appointed to the civil service. This contention must be sustained. The court's order authorized the filing of certain sections of the 1958 Edition of the Code of Ordinances of the City of Houston. It can be assumed that the sections of the code not shown to have been repealed or amended were in effect in the year 1958 and for all years thereafter. *A & M College of Texas v. Guinn,* 280 S.W.2d 373 (Tex.Civ.App.—Austin 1955, writ ref'd n. r. e.).

The trial court took judicial notice of the Charter of the City of Houston. This charter reflects that the classified service was instituted in the City of Houston long before the year 1958. The date the plaintiffs were employed is not shown in the pleading or stipulations of fact. There is nothing in the record to show that after the year 1958 either of the plaintiffs were placed on an eligibility list as a result of a written examination or that either of them had received a promotion since their original appointment to the classified service.

While it may be assumed that as provided by the rules, various instruments in writing pertaining to the employment of each of the plaintiffs will be found in the records maintained by the city as required by the rules, we are not free to assume that there was a written application for employment. The evidence does not establish the rules and regulations in force at the time the plaintiffs were employed and does not require a finding that the cause of action asserted by the plaintiffs is based on a written contract.

A suit seeking to enforce an obligation created by a statute is subject to the bar of the two year statute of limitations. *Rose v. First State Bank of Paris, Texas,* 122 Tex. 298, 59 S.W.2d 810 (1933). In *Cowart v. Russell,* 135 Tex. 562, 144 S.W.2d 249 (1940), the court approved the rule that in order for an action to be one for an indebtedness evidenced by or founded upon a contract in writing, the action must be between the immediate parties to the contract, or those for whose benefit it was made, or their privies, and the written instrument relied upon must itself contain a contract to do the thing for the non-performance of which the action is brought. This rule was modified in the case of *International Printing Pressmen and Assistants' Union of North America v. Smith,* 145 Tex. 399, 198 S.W.2d 729 (1947), where the court said:

"—However, it is not indispensable that the written instrument relied upon contain an expressed promise to do the things for the nonperformance of which the action is brought. It is sufficient if the obligation or liability grows out of a written instrument, not remotely but immediately, or if the written instrument acknowledges a state of facts from which, by fair implication, the obligation or liability arises. And while parole evidence is not admissible to establish the promise, it is admissible to show performance on the part of the plaintiff and a breach on the part of the defendant."

The plaintiffs' right to termination pay arises by virtue of the Ordinances of the City of Houston. Where a contract is made with reference to the performance of certain acts prescribed by ordinance, the contract and the ordinance will be considered together and the statute will become a part of the contract. *Empire Gas and Fuel Company v. State,* 121 Tex. 138, 47 S.W.2d 265 (1932). The ordinances alone, however, cannot form a contract

with the plaintiffs in this case. The record must evidence a contract in writing between the plaintiffs and the city into which the ordinances can be read. In the absence of proof of such a contract in writing in this case, plaintiffs' cause of action rests solely on the ordinances and is subject to the two year statute of limitation. *City of Temple v. Brown,* 383 S.W.2d 639 (Tex.Civ.App.—Austin 1964, writ dism'd); *Brady v. City of San Antonio,* 313 S.W.2d 355 (Tex.Civ.App.—San Antonio 1958, writ ref'd n. r. e. at 159 Tex. 42, 315 S.W.2d 597).

The case of *Kiel v. City of Houston,* 558 S.W.2d 69 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ history), does not conflict with our holding in this case. In *Kiel,* the court held that the civil service record and the writings surrounding it, especially the eligibility list for promotion to investigator, taken as a whole, constituted a contract in writing with the city. These instruments were introduced into evidence in that case. There is no such evidence in this case.

The judgment is affirmed.