The CITY OF HOUSTON, Appellant,

v.

Steve WILLIAMS, et al., Appellees.

No. 14–08–00059–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 31, 2009.

Rehearing Overruled July 30, 2009.

---

Reagan Douglas Pratt, Timothy J. Higley, Houston, for appellant.

E. Troy Blakeney, Richard Charles Mumey, Vincent L. Marable, III, Houston, for appellees.

Panel consists of Justices YATES, SEYMORE and BOYCE.

## OPINION

CHARLES W. SEYMORE, Justice.

This interlocutory appeal from denial of the City of Houston's plea to the jurisdiction requires us to construe sections of the Texas Local Government Code providing for waiver of governmental immunity relative to breach-of-contract suits against local government entities. The appeal involves a suit brought by appellees, a group of former Houston firefighters ("the firefighters"), against appellant, the City of Houston ("the City").[1] The case is before this court for the second time.

---

1. In their brief, the firefighters state, "Fire    Fighter Steve Williams is not a party to this

In a partial judgment rendered in 2004, the trial court denied the City's plea to the jurisdiction and ruled in favor of the firefighters on their two claims.[2] We affirmed the trial court's partial judgment, holding governmental immunity was waived (1) under the "plead and be impleaded" language in Local Governmental Code section 51.075 and the "sue and be sued" language in the City's charter and (2) because the firefighters' suit was one for declaratory judgment. *City of Houston v. Williams*, 183 S.W.3d 409, 414, 416 (Tex.App.-Houston [14th Dist.] 2005), *rev'd*, 216 S.W.3d 827 (Tex.2007) (per curiam).

The supreme court disagreed and reversed. *City of Houston v. Williams*, 216 S.W.3d 827, 828 (Tex.2007) (per curiam). The supreme court then remanded the cause to the trial court to determine whether the recently enacted Local Government Code sections 271.151 through 271.160, waiving governmental immunity for certain breach-of-contract suits, applied to the firefighters' action. *Id.* at 829. During the pendency of the case, additional firefighters were added as plaintiffs. On remand, the trial court concluded, under Local Government Code sections 271.151 through 271.160, governmental immunity was waived with respect to all plaintiffs. *See* Tex. Loc. Gov't Code Ann. §§ 271.151–.160 (Vernon 2005).

Concluding the firefighters have alleged facts that affirmatively demonstrate they have a contract with the City that meets the requirements of Local Government Code sections 271.151 through 271.160, we affirm the order of the trial court.[3]

## I. BACKGROUND

The City's actions about which the firefighters complain have not changed since the inception of the case. Those actions resulted in what the parties and the courts denominated the "debit dock claim" (allegedly improper reduction of termination payouts by docking previously paid overtime) and the "termination pay claim" (allegedly improper exclusion of premium pay from the calculation of termination pay). *See Williams*, 183 S.W.3d at 419, 424. The claims and the procedural history of the case through remand are set forth in the supreme court's and this court's opinions, and we do not repeat them here. *See Williams*, 216 S.W.3d at 828–29, 183 S.W.3d at 417–20, 424.

After the supreme court's mandate issued, the firefighters filed their eighth amended petition in the trial court. In their first cause of action, the firefighters alleged facts constituting the debit dock claim. In their second cause of action, they alleged facts constituting the termination pay claim. In relation to both claims, they requested declaratory judg-

---

case or appeal, having dismissed his claims sometime ago. For purposes of consistency and ease of case identification, the parties have continued to use his name in the style of the case." A complete list of the plaintiffs' names as they appeared in the style of the live pleading (the ninth amended petition) may be found in the Appendix to this opinion.

2. The trial court reserved for a later trial "all issues of damages, injunctive relief, other requests for declaratory judgment relief, interest, costs and attorneys' fees."

3. In our first opinion, we held the City was not immune from liability because it had contracted with the firefighters. *City of Houston v. Williams*, 183 S.W.3d 409, 413–14 (Tex. App.-Houston [14th Dist.] 2005), *rev'd*, 216 S.W.3d 827 (Tex.2007) (per curiam). The City has not challenged that holding. The issue in the present case is whether, under Local Government Code sections 271.151(2) and 271.152, the City has waived immunity from suit by entering into that contract. *See* Tex. Loc. Gov't Code Ann. §§ 271.151(2), .152 (Vernon 2005).

ment, mandamus, and equitable and injunctive relief. They alleged violations of Texas Local Government Code section 142.0017, Texas Local Government Code chapter 143, and City of Houston, Code of Ordinances section 34–59. They alleged waiver of governmental immunity under Texas Local Government Code sections 271.151 through 271.160, but did not otherwise refer to a written contract.

The City specially excepted. In part, it argued it was not aware of a written agreement as described in Local Government Code sections 271.151(2) and 271.152 and denied the existence of such a document. The City further complained, "The [firefighters'] pleading does not give [the City] fair notice as to the identity of the alleged document, or the location, description or content of any such document." The City argued that, by not containing information about the alleged document, the pleading failed to demonstrate affirmatively the court's jurisdiction over the firefighters' claims. The City also argued the supreme court had dismissed the firefighters' claims for declaratory judgment, mandamus, and equitable and injunctive relief.

The firefighters responded by filing a ninth amended petition. The amended pleading contained the same facts as alleged in the eighth amended petition. The firefighters alleged the City's actions violated Texas Local Government Code section 142.0017, Texas Local Government Code chapter 143, and City of Houston, Code of Ordinances section 34–59. They deleted requests for declaratory judgment, mandamus, and equitable and injunctive relief in relation to these alleged violations. Instead, they denominated these requests as claims for breach of contract and asserted that Texas Local Government Code sections 271.151 through 271.160 were applicable to the case. Finally, they identified the following as contracts subject to

those sections: (1) "[s]upporting evidence and arguments made by [the firefighters] in their 'Respondents' Brief on the Merits' filed in the Texas Supreme Court" in the present case; (2) "[s]upporting evidence and arguments made by Appellee Alan Hildebrant" in his brief filed in case number 01–06–00936–CV in the First Court of Appeals; (3) an "Agreement Between Houston Professional Fire Fighters Association and City of Houston, Texas, executed on August 30, 1995" (the "1995 Agreement"); (4) an "Agreement Between Houston Professional Fire Fighters Association and City of Houston, Texas, executed on December 18, 1997" (the "1997 Agreement"); and (5) a 2005 Collective Bargaining Agreement (the "2005 CBA").

The City filed an amended plea to the jurisdiction and an amended answer. In the former, the City argued, in part, that (1) under the supreme court's ruling in this case, the firefighters could not bring an action for damages, regardless of how those actions were characterized, unless the legislature expressly waived the City's immunity, (2) the City enjoyed immunity to interpret its own rules and regulations without judicial interference, (3) the firefighters failed to exhaust administrative remedies, (4) the firefighters pleaded no facts affirmatively demonstrating their claims qualified for the limited waiver of immunity found in Local Government Code sections 271.151 through 271.160, and (5) the firefighters failed to pursue the contractual grievance procedures set forth in the collective bargaining agreements they had cited. Among the defenses listed in its answer, the City asserted the following: (1) the firefighters' claims were barred by (a) the doctrine of governmental immunity and (b) the terms and effect of the agreements between the City and the Association, and (2) there was no written contract forming the basis of the firefighters' claims.

The firefighters responded by arguing, "The claims asserted in this case by the Retired Fire Fighters are based on City of Houston ordinances and applicable and related statutes which satisfy the requirements for waiver of sovereign immunity under Sections 271.151–271.160." The firefighters also argued the statutory provisions of Texas Local Government Code chapters 142 and 143 constituted "part of the written employment contracts" between the City and the firefighters. Finally, the firefighters argued the 1995 and 1997 Agreements and the 2005 CBA met the criteria of sections 271.151 through 271.160.

After hearing argument, the trial court denied the City's plea to the jurisdiction. The City appealed.

## II. Issue Presented and Standard of Review

■ In a single issue, the City argues the trial court erred in denying its plea to the jurisdiction based on governmental immunity and lack of standing. "Questions involving the application of the principles of sovereign and governmental immunity and a party's standing to bring an action are the proper subjects of a plea to the jurisdiction." *Nivens v. City of League City,* 245 S.W.3d 470, 474 (Tex.App.-Houston [1st Dist.] 2007, pet. denied) (citing *Brown v. Todd,* 53 S.W.3d 297, 300–01 (Tex.2001)).

■ In a plea to the jurisdiction, a party challenges the trial court's authority to determine the subject matter of the cause of action. *City of Mont Belvieu v. Enter. Prods. Operating, L.P.,* 222 S.W.3d 515, 518 (Tex.App.-Houston [14th Dist.] 2007, no pet.). Because subject matter jurisdiction is a question of law, we review the trial court's decision de novo. *Id.* In deciding a plea to the jurisdiction, we may not weigh the merits of the claim, but must

consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *See Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001); *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554–55 (Tex.2000). When we consider a trial court's order on a plea to the jurisdiction, we construe the pleadings in the plaintiff's favor and look to the pleader's intent. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). To prevail, the party asserting the plea must show that, even if all the allegations in the plaintiff's pleadings are taken as true, an incurable jurisdictional defect appears on the face of the pleadings, rendering it impossible for the plaintiff's petition to confer jurisdiction on the trial court. *City of Mont Belvieu,* 222 S.W.3d at 518.

■ If a plaintiff fails to plead sufficient facts affirmatively demonstrating the trial court's jurisdiction, but the pleadings do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226–27 (Tex. 2004); *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002). However, if the pleadings affirmatively negate the existence of jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Miranda,* 133 S.W.3d at 227; *Brown,* 80 S.W.3d at 555.

■ If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Miranda,* 133 S.W.3d at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the plea to the jurisdiction

must be denied. *Id.* at 227–28. If the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

### III. ANALYSIS

The supreme court remanded this case solely for consideration of whether the firefighters' claims fall within Local Government Code sections 271.151 through 271.160. *See Williams,* 216 S.W.3d at 829. Section 271.152 provides:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

Tex. Loc. Gov't Code Ann. § 271.152. " 'Contract subject to this subchapter' means a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id.* § 271.151(2).[4]

In their pleadings and on appeal, the firefighters based their breach-of-contract action on (1) Texas statutes, (2) City of Houston ordinances, and (3) the Agreements between the Association and the City. The firefighters contend, either read together or considered independently, these three types of writings are contracts subject to the provisions of Texas Local Government Code sections 271.151 through 271.160.

The City argues neither statutes nor ordinances constitute "written contracts"

falling under sections 271.151(2) and 271.152. The City further argues that, for varying reasons, the firefighters lack standing to sue on any of the Agreements.

■ Our ultimate goal in construing a statute is to give effect to the legislature's intent as expressed in the language of the statute. *F.F.P. Operating Partners, L.P. v. Duenez,* 237 S.W.3d 680, 683 (Tex. 2007); *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 892 (Tex.2000). In doing so, we must always consider the statute as a whole rather than its isolated provisions. *Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001). "We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone." *Id.* Instead, we presume that both the statute and the legislative act are intended to be effective in their entirety. *Allegheny Mut. Cas. v. State,* 710 S.W.2d 139, 141 (Tex.App.-Houston [14th Dist.] 1986, pet. ref'd).

Unless otherwise expressly provided, the Code Construction Act applies to construction of the Local Government Code. *See* Tex. Loc. Gov't Code Ann. § 1.002 (Vernon 2008). Thus, in construing a statute within the Local Government Code—regardless of whether the statute is ambiguous on its face—we may consider the following matters, as well as others: the object sought to be attained; the circumstances under which the statute was enacted; common law or former statutory provisions, including laws on the same or similar subjects; and the consequences of a particular construction. Tex. Gov't Code Ann. § 311.023 (Vernon 2005). Under the Code Construction Act, "[i]n order to preserve the legislature's interest in manag-

---

4. "[T]his subchapter" refers to subchapter I. of Texas Local Government Code chapter 271, "Adjudication of Claims arising under Written Contracts with Local Governmental Entities." Subchapter I. comprises sections 271.151 through 271.160.

ing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." *Id.* § 311.034.

■■■■■■ *State statutes.* By virtue of the plain language of sections 271.151(2) and 271.152, a state statute, standing alone, cannot constitute a "contract subject to [sections 271.151 through 271.160]" because a state statute is not "executed on behalf of the local governmental entity." Tex. Loc. Gov't Code Ann. § 271.151(2). The legislature has not waived governmental immunity from suits in which local government employees recast the employer's alleged statutory violations as breach-of-contract actions.

■■■ *Municipal ordinances.* In contrast, a municipal ordinance necessarily is "executed on behalf of the local governmental entity," and therefore may fall within the section 271.151(2) definition of a "contract" if the ordinance meets the additional elements of that definition. The additional elements are (1) a written contract, (2) stating essential terms of the agreement, (3) providing for goods or services, (4) to the local governmental entity, and (5) properly executed. Tex. Loc. Gov't Code Ann. § 271.151(2).

In the present case, the firefighters rely primarily, although not exclusively, on City of Houston, Code of Ordinances section 34–59. As part of the Code of Ordinances, section 34–59 is in writing.[5] In section 34–59, the City promises specified employees, among other matters, compensation for working overtime, allowance of sick leave, and accrual of vacation time. *See* City of Houston, Code of Ordinances § 34–59(d), (i), (j). The ordinance also provides that the regular rate of pay shall include base, longevity, educational incentive, and assignment pay, and higher classification pay where authorized. *Id.* § 34–59(a)(4). Thus in section 34–59, the City has promised certain benefits if its eligible employees perform. In doing so, it has created a unilateral contract. *See Plano Surgery Ctr. v. New You Weight Mgmt. Ctr.*, 265 S.W.3d 496, 503 (Tex.App.-Dallas 2008, no pet. h.) (stating unilateral contract is created by promisor promising benefit if promisee performs and contract becomes enforceable when promisee performs).

Section 34–59 also states the essential terms under which the firefighters will provide services to the City and will be compensated. Section 34–59 comprises ten subsections and, as discussed above, specifies such matters as the definitions of overtime and the regular rate of pay. *See* City of Houston, Code of Ordinances § 34–59.

Finally, the history of section 34–59 indicates the section had its origins in the 1968 City of Houston, Code of Ordinances section 18–20, as modified by subsequent ordinances. *See id.* The City does not contend the 1968 Code or the modifying ordinances were not "properly executed."

In sum, we conclude City of Houston, Code of Ordinances section 34–59 meets the definition of a "contract" as set forth in Texas Local Government Code section 271.151(2).[6]

5. *Available at* http://www.municode.com/resources/gateway.asp?pid=10123 & sid=43 (last visited March 20, 2009).

6. Although we confine our analysis to section 34–59, a similar analysis may be applied to other ordinances relevant to the firefighters' employment. By not analyzing each of the ordinances on which the firefighters relied in the trial court, we do not intend to imply they fall outside the section 271.151(2) definition.

Rather than directly confronting the definition of a "contract" in section 271.151(2), the City primarily relies on a series of statute-of-limitations cases, in which the courts held a four-year period applicable to suits on debts based on written contracts did not apply to suits in which local government employees alleged purely statutory rights to payment. *See, e.g., Creps v. Bd. of Firemen's Relief and Ret. Fund Trs. of Amarillo,* 456 S.W.2d 434, 439 (Tex.Civ.App.-Amarillo 1970, writ ref'd n.r.e.); *Hamilton v. Bd. of Firemen's Relief and Ret. Fund Trs. of Texarkana,* 408 S.W.2d 781, 784 (Tex.Civ.App.-Texarkana 1966, writ ref'd n.r.e.); *City of Temple v. Brown,* 383 S.W.2d 639, 641 (Tex. Civ.App.-Austin 1964, writ dism'd); *Whitley v. City of San Angelo,* 292 S.W.2d 857, 861 (Tex.Civ.App.-Austin 1956, no writ). Courts in these limitations cases were rejecting arguments that statutes could constitute contracts and were not construing the definition of a "contract" found in Local Government Code section 271.151(2).

The City further relies on *Overton v. City of Houston,* also a limitations case. 564 S.W.2d 400, 403–04 (Tex.Civ.App.-Houston [1st Dist.] 1978, writ ref'd n.r.e.). In *Overton,* the employees were relying on city ordinances to assert their right to termination pay. The court observed:

> Where a contract is made with reference to the performance of certain acts prescribed by ordinance, the contract and the ordinance will be considered together and the statute will become a part of the contract. The ordinances alone, however, cannot form a contract with the plaintiffs in this case. The record must evidence a contract in writing between the plaintiffs and the city into which the ordinances can be read. In the absence of proof of such a contract in writing in this case, plaintiffs' cause of action rests solely on the ordinances and

is subject to the two year statute of limitation.

*Id.* at 403–04 (citations omitted). The cases on which the *Overton* court relied for the last proposition, however, were limited to assertions of statutory rights. The limitations cases, including *Overton,* are not persuasive authority for holding that a local government's properly executed ordinances fall outside the definition of a "contract" in section 271.151(2).

The City next directs our attention to the following cases, in which the courts construed sections 271.151(2) and 271.152: *City of Houston v. Swinerton Builders, Inc.,* 233 S.W.3d 4 (Tex.App.-Houston [1st Dist.] 2007, no pet.); *Valley Mun. Util. Dist. No. 2 v. Rancho Viejo, Inc.,* No. 13–07–00545–CV, 2008 WL 384320 (Tex.App.-Corpus Christi Feb. 14, 2008, no pet.) (mem.op.); and *Seals v. City of Dallas,* 249 S.W.3d 750 (Tex.App.-Dallas 2008, no pet.). In *Swinerton,* the plaintiffs were suing for quantum meruit, not for breach of contract, and the First Court of Appeals held that the legislature did not intend section 271.152 to apply to claims "arising under" a contract despite use of that phrase in the subchapter heading. 233 S.W.3d at 13. In *Valley MUD,* the plaintiff sued for breach of an easement agreement which had not been signed by any representative of Valley MUD and therefore was not "properly executed on behalf" of the MUD. 2008 WL 384320, at *4. The Corpus Christi Court of Appeals further observed the agreement was not for goods or services to be furnished to the MUD. *Id.* In neither *Swinerton* nor *Valley MUD* did the courts consider whether a properly executed ordinance could constitute a "contract" subject to sections 271.151(2) and 271.152.

In *Seals,* the Dallas court of appeals rejected the city employees' argument that, in an earlier case, the court had implicitly recognized that the city's ordi-

nances and rules governing the terms of employment created a contract between it and fire department employees. 249 S.W.3d at 756 (citing *City of Dallas v. Albert*, 214 S.W.3d 631, 633 (Tex.App.-Dallas 2006, pet. filed)).[7] As the *Seals* court explained:

> In *Albert*, Dallas firefighters brought suit, on theories including breach of contract, to recover wages allegedly due them because the City allegedly violated a municipal ordinance requiring it to maintain a percentage pay differential between various grades of firefighters. Because section 271.151 et seq. was enacted during the pendency of the *Albert* appeal, we remanded the case "to allow [the firefighters] the opportunity to argue that the legislature has waived the City's immunity from suit by these new statutory provisions." Allowing the firefighters in *Albert* to argue that their contract falls under section 271.151 et seq. is not an endorsement of their position.

*Id.* (citations omitted). The *Seals* court also observed that the employees in the case before it could point to nothing in the record showing their employment was anything other than "at will." *Id.* at 757. Finally, in its personnel rules, the city specifically disavowed the creation of an employment contract. *Id.*

In contrast, the firefighters in the present case argue that, by virtue of their civil service status, they are not at-will employees. *See County of Dallas v. Wiland*, 216 S.W.3d 344, 348 (Tex.2007) (stating, for public employees, at—will status may be modified through civil service systems). The City does not argue otherwise.[8] Additionally, the firefighters direct our attention to proof of the existence of civil service files for each firefighter—files containing documents reflecting date of hire, changes in base salary, payment of supplemental pay, disciplinary actions, performance rating, letters of commendation and retirement date.[9] *Cf. Kiel v. City of Houston*, 558 S.W.2d 69, 71 (Tex.Civ.App.-Houston [14th Dist.] 1977, writ ref'd n.r.e.) (applying liberal construction to limitations statute and holding firefighter's civil service record and writings surrounding it, especially eligibility list for promotion, taken as whole, constituted a contract in writing with city). For these reasons, *Seals* is distinguishable.

Additionally, we observe that, in *Arredondo v. City of Dallas*, the Dallas court of appeals considered an ordinance to be a contract, or part of a contract, between the city and the plaintiff firefighters. 79 S.W.3d 657 (Tex.App.-Dallas 2002, pet. denied).[10] Such an approach is consistent

---

7. In *Seals*, the plaintiffs alleged the fire chief had violated the city's charter, civil service rules, and the fire department's general procedures manual when he transferred five firefighters from another division into the division where the plaintiffs worked. *Seals v. City of Dallas*, 249 S.W.3d 750, 752–53 (Tex.App.-Dallas 2008, no pet.).

8. Adoption of a civil service system does not necessarily eliminate the possibility of at-will employment. *See County of Dallas v. Wiland*, 216 S.W.3d 344, 353 (Tex.2007) ("Nothing prohibits a county from adopting a civil service system that affords only procedural rights while employment remains at-will.").

9. The proof comprises affidavits of former firefighter Richard C. Mumey and termination pay worksheets for many of the firefighters.

10. The Dallas court referred to the ordinance both as constituting *part* of the contract and *as* the contract. *See Arredondo v. City of Dallas*, 79 S.W.3d 657, 659, 667, 668 (Tex.App.-Dallas 2002, pet. denied). Neither party disputed that the ordinance in question was part of the city's contract with the firefighters. *See id.* at 667. The question before the Dallas court concerned whether the ordinance was ambiguous and what effect the ambiguity had on the appropriateness of summary judgment. *See id.* at 668–69.

with the manner in which municipalities conduct business. *See Cent. Power & Light Co. v. City of San Juan,* 962 S.W.2d 602, 613 (Tex.App.-Corpus Christi 1998, pet. dism'd w.o.j.) ("A city council can transact a city's business transactions only by resolution or ordinance, by majority rule of the council.").

In sum, we conclude the ordinances the firefighters cite constitute a "contract" as defined by Texas Local Government Code section 271.151(2). *See* Tex. Loc. Gov't Code Ann. § 271.151(2). Accordingly, we further conclude the legislature, pursuant to section 271.152, has waived the City's immunity to suit for alleged breaches of ordinances prescribing the methods of calculating firefighters' overtime and termination pay. *See id.* § 271.152.

***Meet and confer and collective bargaining agreements.*** Finally, the firefighters argue the 1995 and 1997 Agreements and the 2005 CBA are contracts subject to the provisions of Texas Local Government Code sections 271.151 through 271.160.[11] The City does not disagree, but asserts the individual firefighters do not have standing to bring breach-of-contract actions based on these agreements.

■ The City's standing argument is two-fold. First, the City contends only the Association has standing to sue for breach of the agreements. Second, the City contends the firefighters' failure to exhaust the grievance procedures precludes them from having standing to sue for breach of the agreements. Agreeing with the City's

first contention, we do not address its second.

The 1995 and 1997 Agreements provide that grievances and disputes concerning application of the agreements may be resolved either through the statutory grievance procedure or "by judicial resolution as provided in TEXAS LOCAL GOVERNMENT CODE § 143.206." The agreements further provide,

> In case judicial resolution is chosen, the district courts of Harris County, Texas, shall have full authority and jurisdiction over any application by either party to this Agreement who is aggrieved by an action or omission of the other party if the action or omission is related to a right, duty or obligation provided by this Agreement.

Both agreements indicate they were negotiated "by and between the Houston Professional Fire Fighters Association ... and the City of Houston, Texas." Both agreements were signed by representatives of the Houston Professional Fire Fighters Association and the City's mayor. Thus, under the terms of the agreements, the Association or the City may sue for enforcement. Nothing in the agreements permits, or refers to, a suit by individual firefighters.

The firefighters, however, argue nothing in the cited provision "reserves to or describes an *exclusive* or preemptive right of the Association to sue for breach." Citing Texas Local Government Code section 143.206(a), the firefighters argue that, because the agreements are binding and enforceable on the firefighters, they have

---

**11.** We note that the 1995 and 1997 Agreements and the 2005 CBA contain provisions by which the Agreements and the CBA are to supercede, or take precedence over, conflicting ordinances. We take no position on the degree to which these provisions may affect the firefighters' ability to succeed on the mer-

its of a breach-of-contract claim based on the ordinances. *See Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000) ("A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit.").

standing to sue for breach of the agreements. The cited provision in the agreements tracks section 143.206, which provides in relevant part:

(a) A written agreement made under this subchapter between a public employer and a fire fighters association recognized as the sole and exclusive bargaining agent is enforceable and binding upon the public employer, the fire fighters association recognized as the sole and exclusive bargaining agent, and fire fighters covered by the agreement if:

(1) the municipality's governing body ratified the agreement by a majority vote; and

(2) the fire fighters association ratified the agreement by a majority of the votes received in a referendum of its members by secret ballot.

(b) The state district court of the judicial district in which the municipality is located has full authority and jurisdiction on the application of *either party aggrieved by an action or omission of the other party* when the action or omission is related to a right, duty, or obligation provided by any written agreement ratified by both the public employer and the fire fighters association. . . .

Tex. Loc. Gov't Code Ann. § 143.206 (Vernon 2008) (emphasis added).

Thus, like the 1995 and 1997 Agreements, section 143.206(b) refers to "either party" and the "other party" to the agreement. The mention of only the parties to the agreement and not the firefighters in both the Agreements and the statute suggests both contemplate suits only by the parties. *See Steering Comms. v. Pub. Util. Comm'n,* 42 S.W.3d 296, 302 (Tex. App.-Austin 2001, no pet.) (applying presumption that purposeful inclusion of certain terms in statute implies purposeful exclusion of absent terms under principle of statutory interpretation *inclusio unius est exclusio alterius); see also Baty v. ProTech Ins. Agency,* 63 S.W.3d 841, 854 (Tex. App.-Houston [14th Dist.] 2001, pet. denied) (interpreting contract and applying the maxim *expressio unius est exclusio alterius* ).

For the foregoing reasons, we conclude the firefighters lack standing to sue for alleged breaches of the 1995 and 1997 Agreements. As discussed below, we also conclude they lack standing to sue for alleged breach of the 2005 CBA.

▆▆▆ Establishing a breach of the duty of fair representation by the Association is an "indispensable predicate" to an employee's action against the City for violation of the collective bargaining agreement. *Metro. Transit Auth. v. Burks,* 79 S.W.3d 254, 257 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *see also* 20 RICHARD A. LORD, WILLISTON ON CONTRACTS § 55.60 (4th ed.2001) (discussing suits by employees seeking remedy for violation of their personal rights under a collective bargaining agreement and stating employee who brings action against employer under Federal Labor Management Relations Act section 301 is necessarily suing union as well as employer because employee is contending union did not adequately represent him or her). The firefighters did not allege in the trial court, nor do they argue in this court, that the Association in anyway failed to represent them adequately in relation to the 2005 CBA.

In short, although the 1995 and 1997 Agreements and the CBA arguably meet the definition of a "contract" subject to the waiver of immunity in section 271.152, the firefighters do not have standing to sue for breach of those agreements. Because we conclude the firefighters do not have standing under the City's first contention, we do not address the City's contention

based on the firefighters' asserted failure to exhaust grievance procedure remedies. *See* Tex.R.App. P. 47.1.

## IV. CONCLUSION

We conclude the City's ordinances setting forth the essential terms of the firefighters' overtime and termination pay constitute written contracts subject to the waiver of governmental immunity in Texas Local Government Code section 271.152. Accordingly, we overrule the City's sole issue and affirm the order of the trial court.

## APPENDIX

Steve Williams
Thomas G. Arfele
Lloyd A. Irvin
Richard C. Mumey
Joseph M. Tortorice
Leo Adams
Travis E. Adams
Leslie C. Adkins
George P. Alexander
Kevin J. Alexander
Jerry W. Anderson
Leslie F. Anderson
Lanny W. Armstrong
James T. Atkinson
Myron E. Atkinson
Charles D. Barr
Johnny E. Belin
Hillary Bell
Thomas E. Belyeu
Robert L. Bennett
Paul N. Bernard
Craig E. Boegler
Ronnie L. Boegler
Joseph T. Bond
Raymond Borden
Gary L. Bourgeois
Gary L. Brown
Sidney R. Bruce
Ray Burt
Arthur Butler
John G. Butler
Dennis C. Byrd
Manuel G. Caballero
Lonny R. Cameron
John Cannon
Chester A. Cary
Daniel W. Casanover
Charles B. Cason

Ezdore P. Cegielski
Dennis Celsor
Billy S. Chaffin
Leonard L. Cherry
Clifford D. Chevalier
Samuel R. Chumley
Donald R. Clark
John A. Clemens
Howard N. Coates
Robert L. Cobb
James C. Collins
Travis A. Combs
Richard C. Cook
Daniel Cordaway
Robert A. Cortez
Willie E. Cotten
Dennis Cox
James R. Crowder
Stanley G. Curtis
William B. Dalzell
Larry C. Danna
Ronnie H. Dees
Sam L. DeForke, Jr.
Charles F. Demoss
Ronald E. Dornak
Norman E. Driskell
Ernest Duran
Ronald Earnest
David A. Easley
Billy W. Emmons
Bobby C. Englishbee
Daniel E. Estes
Allen L. Farris
John L. Filar
Jarvis D. Fisher
Lynn E. Fortune
Michael R. Gann
Ralph M. Garza

Richard L. Garza
Brad T. Gibson
Willie E. Glass, Jr.
Johnny D. Glover
Frank E. Gore
Zenus A. Graham
Frank Guthrie
Newel K. Hamilton
Everett H. Harkless
David L. Harper
Leon J. Hauck
Charles E. Hawthorne
Donald W. Helm
James E. Hilsher
James H. Hobbs
James W. Holden
John M. L. Holleman, Jr.
Lindsey G. Holt
Richard A. Horowitz
Robert J. Huizar
Casey R. Jacoby
William P. Jansa
Oscar S. Jenkins
James B. Jernigan
Billy W. Johnson
Franklin E. Kelner
Joseph Kirvin
James P. Kivel
Louis E. Klare
Alton D. Lee
Calvin L. Lee
Ralph J. Lemon
William M. Lindsey
Marvin Litzler
William Lobins
Richard Locke
Phillip A. Long
Francis X. Maher

Lawrence M. Malek
John J. Maniscalco
George A. Manos
Richard Massey
Stanley McCoy
Jackie R. McDonald, Jr.
Richard A. McTague
Gary W. Miller
Jesus L. Minjares
Frederick V. Moore
Tranquilino C. Munoz
Sammy J. Musachia
Gary W. Nelius
Terry R. Oberpriller
Donald C. Paradowski
James L. Pavlock
Marcos O. Perez
Charles A. Phlegm
Eugene W. Pilkenton
Johnnie S. Posuk
Christopher Potier
Jerry W. Powers
Harold J. Prevost
Harry C. Pruitt
Robert E. Putnam
Rocco R. Rao
Edmond B. Reeves
David Reyes
Jose L. Reyes
James B. Riggs, Jr.
George A. Ross
Anthony Russo
Daniel Salazar
William E. Sammons
Leon Sandles
Travis L. Sattiewhite
William I. Scates
Mignon E. Schillaci,
Executrix/Administrator

of the Estate of Sammy
L. Schillaci, Deceased
Phillip S. Schultz
Anthony G. Schulze
George C. Seaback
Terry Shaffer
Robert C. Sherrard
Billy H. Sheffield
Roy L. Simmons
Allen D. Stagner
Herbert W. Stein
Leonard Stephens
Robert W. Steward
Wilbert P. Steward
David Stewart
Lloyd W. Stone
Bruce W. Talbot
Reginald Tarver
John S. Taylor
James L. Tharp
Amar P. Thibodeaux
Billy W. Thompson
Duron J. Thorne
Ronnie L. Tidwell
David A. Tilbury
James H. Tucker
Lester W. Tyra
Willie G. Vick
Gilbert Villareal
Jerry D. Wakefield
Oscar F. Wallace, Jr.
Michael F. Wead
Marion Weaver
Jack E. Wedgeworth
Larry A. Wesley
Charles V. Wheeler
Charles J. Whitcher
Daniel Whiting, Jr.
James M. Williams
Charlie S. Wilson, Jr.

John P. Wood
Robert Wroblewski
Antoine E. Yazbeck
Carl B. Young
Jimmy Bundrick
Daniel J. Dillard, Sr.
Wayne C. Grissom
Gene Guentert
Wendell Keilers
William Henry King
Jerry McDaniel
Jerry D. Smith
Paul Albarado
Benny H. Albers
Alex J. Arizpe
Ulysess Armstrong
Chapman E. Baber
Ronnie Bates
Royce G. Beck
Phillip Bernard
David Bonds
Kenneth A. Broeder
Billy Bromonsky
William N. Brown
William R. Campbell
John L. Carter
John M. Christopher
Gary T. Dean
Jimmie Dearing
Gus Leon Fress
Thomas Gainous
David N. Gilchrist
Donna Golden
Gordon L. Griffin
Victor Gustafson
Samuel Hamilton
Maria E. Hayes,
Executrix of the Estate
of Paul David Hayes,
Deceased

Michael J. Herman
Manuel M. Herrera
Aubrey Houston
Larry Hunter
Charles A. Ingram
Mearl L. Jones
John Kling
Jerry D. Lee
Travis D. Lee
Darrell Mahalec
Daniel E. Malek
Raul Martinez
Michael C. McFarland
Royce Melton
James G. Miller
Romeo Montalvo
Louis S. Moore
Roy E. Moore
Wayne Murphy
Carl N. Newman
David L. Norris
Gary Pick
Robert W. Prescott
Larry Prevatte
Eddy Proske
Anthony S. Reynolds
Carlos E. Robledo
Billy G. Royal
Louis L. Rumfolo
Oscar E. Sacher
Harvard E. Schroeder
Darrell R. Shely
William L. Sivley
Dannie C. Smith
Lance Stahl
Jerry Stansel
Melvin L. Starling
William R. Stone
Anthony J. Tamborello
Rex A. Ticknor

Edward K. Ward
Douglas R. Weidemann
Frederick J. Wessman
William Kirk Williams
James A. Wright
Zeke Zimmerman
James Allen
Norman E. Allen
Curtis H. Barker
Gary P. Bennett
Raymond R. Bennett
Terry L. Bolton
Ben H. Brymer
Bobby D. Carraway
Joseph A. Clark
John T. Crocker
Gary L. Davison
Norman Donalson
Ralph E. Frazier
Gregory A. Galan
James E. Goetzman
Gary Grimes
Loyd R. Hunter
Rodney D. Johnson
Walter B. Kirk
Leon D. Lehmann
Eddie Lowery
Earl D. Manning
Kenneth R. Martin
Christopher E. Mellen
Calvin Mendel
Steven L. Merrel
David Mills
Donald R. Myers
Larry L. Rooney
Jerry L. Sanders
Williams H. Skinner
William D. Smelley
Thomas Spencer
Bob C. Strahan

Richard F. Thomas
Jerry W. Thompson
Terry G. Thompson
John M. Tumis
Larry W. Wade
Wesley Waldrum
Jerry E. Walker
Roger W. Walker
Dale G. Watson
Bobby J. Weatherly
James E. Wilkerson
Michael Craig Williams
Richard Williams
Aurora Carrasco-Ybarra
Oliver L. Barrett, Jr.
Rodney M. Blair
Laval H. Bolling, Jr.
James R. Booth
Edward W. Boze
Robert L. Branch
Ronald G. Brown
George S. Burlin
Roger M. Caballero
Cecil Callihan
Melvin E. Cannon
John Chandler
James A. Cravin
Terry Crawford
Jerry D. Curtis
James S. Dancer
Daniel Davidson
Bobby R. Deiss
Roy A. Foster, Jr.
Albert H. Garcia
Gary L. Goodlett
Timothy Ham
Larry B. Harper
Juan Hernandez, Jr.
Jackie Hibbard
Elbert C. Howard

Mavis Irvan, Executrix
of the Estate of William
Irvan, Deceased
Billy W. Jatzlau
Mike Jones
Robert E. King
Clifford J. Krengle
Richard W. Lane
Richard Lemoing
John L. Mayes
Johnny P. McAdams
Ricky D. Merrywell
Jack E. Mobley
Roland E. Morgan
Thomas E. Morgan
Robert L. Northcutt
Paul D. Perez
Kenneth W. Powell
Dennis B. Pruitt
Henry T. Rainey
Joseph A. Ramirez
Frank D. Ratka
Eric Renschler
Lonia D. Rice
Raymond L. Roberds, Jr.
Henry J. Robledo
Robert W. Royall
Jimmie R. Sanders
Jeffrey R. Schmidt
Joseph Sciambia
Herbert C. Sims
Michael S. Slabic
John R. Slovacek
John H. Strange
Anthony S. Tamborello
Michel O. Thames
Howard T. Starling
Sheldon K. Tolson
Ray Torres
Henry W. Ullrich

Jimmy D. Ussery
F. L. Vickers
Gregory M. Villarreal
Wesley J. Warnke
Carl Weber
Robert A. White
Zaid I. Abdul-Kareem
Charles R. Bell
William Benjamin
Donald A. Bennett
Jack F. Bennett
Eric D. Brady
Fred G. Conrad
Edward A. Corral
Donald E. Crowder
Robert Garza
Berton D. Golden
Herman Gonzales
Robert M. Gonzalez
Danny R. Greenwood
Gary S. Groover
Gasper Guercio
Rockie G. Ham
William T. Hand
Ronald L. Havemann
William C. Herrington
Sam Houston
Ricardo Huerta
Pete Inocencio
George A. Jamail
Darrell W. Janner
Arnett Jones
Patrick J. Kasper
Johnny R. Klotz
Richard Large
Donald Mauro
Michael J. Nobles
George C. Porter
Benny H. Prince
Travis L. Quinn

Clifford C. Reed
Benjamin A. Rivera
Raymond Dean
Robertson
Sammy R. Robertson
Albert D. Robinson
Robert S. Rodriguez
Vandon Roller
Roland Sanchez
Anthony Schillaci
Michael D. Smith
Robert E. Swisher
Robert Tamborello
Alfred Taylor
David Ward
Delbert L. Warwick, Sr.
Raymond G. Weber
Jerry Acevedo
Waymon E. Armstreet
Anthony R. Arnt
Theo R. Ater
Donnie L. Bannert
Sherwin W. Belveal
Freddie Bennefeld
Lawrence E. Benson
Jerry A. Besselman
Roye G. Binnion
Ronald W. Bishop
Roger D. Bobo
Donald W. Boriack
James O. Buckelew
Richard W. Buller
Gilbert F. Castillo
Larry Caswell
David W. Champagne
Phillip R. Christopher
Abel A. Coleman
Bruce G. Conway
James R. Crawford
David L. Dalmolin

David W. Dean
Sammy J. Dibello
Marvin L. Dominy
Michael F. Donlevy
Dennis C. Duckett
Thomas A. Erickson
George R. George
Glenn R. Gonzales
Joseph Gould
Billy D. Grisham
Alan R. Gunderson
David Hall
Lloyd C. Hawkins
Robert L. Hawthorne
Timothy H. Hayes
Leonard J. Higgins
Wayne M. Huckabay
Duane E. Hundl
Jimmy D. Hunter
Charles L. Itzen
David E. Jahnke
Manuel B. Jalomo
Doyle D. Johnson
Robert L. Johnson, Jr.
Ronald W. Johnson
Robert E. Kercho
Bobby G. Key
Charles Knott
David Lantrip
Dale H. Larson
Johnnie Leggio
Harry D. LeMaster
Stephen M. Levell
Peter A. Lozano
Timothy C. Lund
James C. Maddux
Thomas E. Malek
James H. Martin
Dennis L. Maday
Joseph W. McAnally

Marvin G. McClelland
Burl D. McMahan, Jr.
Eddie L. Meschwitz
Michael S. Miller
Stephen P. Mitchell
Olin M. Musgrave
Donny R. Myers
Rickie L. Neyhard
Michael D. Owin
Lawrence J. Pander
Joe V. Patterson
Ignacio J. Pena
Robert Pilkenton
Pruitt Daniel H.
Gerald Wayne Pulpan
Raul C. Rivera
Norman J. Roberts
Armando Ronje
Glen A. Rust
Michael E. Schifani
Donald R. Schroeder
Sherman K. Sims
Newton Smith
James E. Stahl
Carl W. Stephens
Hubert G. Taylor
Roger G. Teague
Julio L. Terry
David Venegas
Stephen A. Waldrep
James H. Walker
Thomas L. Watson
Eugene Wiley
Darrell W. Williams
Richard K. Williams
Ronald F. Wischnewsky
Ricky J. Wood